UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| RICHARD WAGNER, | ) | **CASE NO.:** _1:26CV-1-GNS_ |
| | ) | |
| Plaintiff, | ) | **JUDGE** _Greg N. Stivers_ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| | ) | |
| NOOR LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181 *et seq*. |
| Defendant. | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Kentucky Civil Rights Act, KRS 344, *et seq.* |
| | ) | **3RD CAUSE OF ACTION:** For Violations of the Kentucky Consumer Protection Act. |

Plaintiff Richard Wagner complains of Defendant Noor LLC and alleges as follows:

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, the Kentucky Civil Rights Act, KRS 344, *et seq.*, and the Kentucky Consumer Protection Act.

2.     Plaintiff Richard Wagner is a person with physical disabilities who, on or about

March 20, 2025, through March 23, 2025, was an invitee, guest, patron, or customer at Defendant's property, which houses The Hotel SYNC, located at 518 Corvette Drive, Bowling Green, KY 42101. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Kentucky legal requirements, and Mr. Wagner suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Kentucky law, whose goals are closely tied with the ADA, including but not limited to violations of the Kentucky Civil Rights Act, KRS 344, *et seq.*

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Bowling Green, County of Warren, State of Kentucky and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.      Plaintiff Richard Wagner is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Wagner is a "person with physical disabilities," as defined by all applicable Kentucky and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

United States laws. Mr. Wagner requires the use of a wheelchair to travel about in public. Consequently, Mr. Wagner is a member of that portion of the public whose rights are protected by the ADA and the Kentucky Civil Rights Act.

6.   Defendant Noor LLC, a Kentucky limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by The Hotel SYNC, a public accommodation, located at/near 518 Corvette Drive, Bowling Green, KY 42101, and subject to the requirements of Kentucky state law requiring full and equal access to public facilities pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates The Hotel SYNC as a public facility at/near 518 Corvette Drive, Bowling Green, KY 42101. The business, The Hotel SYNC, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 554 Corvette Drive, Building A, Bowling Green, KY 42101. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

**§ 36.201**        **General**

> (b) Landlord and tenant responsibilities. Both the landlord
> who owns the building that houses a place of public
> accommodation and the tenant who owns or operates the place of
> public accommodation are public accommodations subject to the
> requirements of this part. As between the parties, allocation of
> responsibility for complying with the obligations of this part may
> be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its

ownership connection to the property and business, nor their relative responsibilities in causing

the access violations herein complained of. Plaintiff is informed and believes that the Defendant

herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer,

employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity,

of each of the other defendants, if any, and was at all times acting and performing, or failing to

act or perform, within the course and scope of his, her or its authority as agent, ostensible agent,

master, servant, employer, employee, representative, franchiser, franchisee, partner, and

associate, or such similar capacity, and with the authorization, consent, permission or ratification

of each of the other defendants, and is responsible in some manner for the acts and omissions of

the other defendants in legally causing the violations and damages complained of herein, and

have approved or ratified each of the acts or omissions of each other defendant, as herein

described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or

leases to), or operates, The Hotel SYNC, located at 518 Corvette Drive, Bowling Green, KY

42101. Defendant's The Hotel SYNC and each of its facilities are places "of public

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected The Hotel SYNC to handicapped access requirements.

11. Plaintiff Richard Wagner is a person with a disability. Mr. Wagner is a "physically disabled person," as defined by all applicable Kentucky and United States laws. Mr. Wagner is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out The Hotel SYNC as being handicapped accessible and handicapped usable.

13. For example, on its website, The Hotel SYNC advertised that it had various accessible guestrooms and that its accessible guestrooms and amenities comply with Title III of the ADA, as follows:

> We are compliant with the ADA (Department of Justice ADA Title III Regulation 28 CFR Part 36, 1991). We welcome guests of all abilities. Our property descriptions aim to allow any visitor to make an informed decision on whether the hotel is an appropriate choice for their needs.

14. On or about March 20, 2025, through March 23, 2025, relying on the hotel's advertising, Mr. Wagner purchased a multiple-night stay for the purpose of obtaining lodging in one of the hotel's mobility accessible guestrooms, paying $484.72.

15.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Wagner personally encountered architectural barriers which discriminated against him and denied him full and equal access to the property.

16. At said time and place, Mr. Wagner, who is a person with disabilities, encountered

the following inaccessible elements at The Hotel SYNC which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by Mr. Wagner:

At Parking:

a. Parking Sign

The accessible parking space at the hotel entrance was noncompliant with 2010 ADAS Section 502.6, as it lacked the required parking signage, including the International Symbol of Accessibility (ISA) and "van accessible" designation at a height of at least 60 inches above the ground. This deficiency directly affected Mr. Wagner, who uses a wheelchair, by making it difficult for him to locate and access the designated parking space, thereby impeding his ability to safely and conveniently enter the hotel.

b. Van Signage

The van-accessible parking stall was noncompliant with 2010 ADAS Section 502.6, as it was missing signage identifying it as a van-accessible stall. This omission affected Mr. Wagner by making it challenging to identify the appropriate parking space, causing inconvenience and limiting his ability to safely access the hotel.

Accessible Route:

c. Cracks and Gaps

Various accessible routes contained cracks and gaps greater than 1/2 inch, violating 2010 ADAS Section 302.3. These uneven surfaces posed a safety hazard to Mr. Wagner, as they obstructed the smooth movement of his wheelchair and increased the risk of tipping or injury.

d. Landing at Door Entry

The maneuvering clearance at the entrance door(s) exceeded a 2% slope, which was noncompliant with 2010 ADAS Section 404.2.4.4. This steep slope made it difficult for Mr. Wagner to safely maneuver his wheelchair at the entrance, causing strain and instability.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

Lobby Area:

e. Lobby Area Seating

The lobby tables did not provide the required 5% accessible seating, violating 2010 ADAS Section 226.1. This lack of accessible seating prevented Mr. Wagner from comfortably using the lobby area, limiting his ability to enjoy the hotel's amenities.

f. Coffee Counter Height

The coffee counter was higher than 36 inches above the floor, violating 2010 ADAS Section 904.4.2. This height made it inaccessible for Mr. Wagner, as he could not comfortably reach the counter while seated in his wheelchair.

Men's Lobby Restroom:

g. Turning Radius Within the Water Closet

The restroom lacked the required 60-inch turning radius, violating 2010 ADAS Section 304.3.1 and 304.3.2. This insufficient space restricted Mr. Wagner's ability to maneuver his wheelchair within the restroom, making it difficult for him to use the facilities independently.

h. Rear Grab Bar

The rear grab bar was only 24 inches long and mounted incorrectly, violating 2010 ADAS Section 604.5.2. This improper installation limited Mr. Wagner's ability to safely transfer from his wheelchair to the toilet.

i. Side Door Clearance

The maneuvering clearance on the pull side of the restroom door was less than 18 inches beyond the latch side, violating 2010 ADAS Section 404.2.4.1. This obstruction made it difficult for Mr. Wagner to open and navigate through the restroom door independently.

Mobility Accessible Guest Room #101:

j. Door Latch Side Clearance

The maneuvering clearance on the pull side of the guest room door was less than 18 inches beyond the latch side, violating 2010 ADAS Section 404.2.4.1. This lack of clearance restricted Mr. Wagner's ability to open and maneuver through the door safely.

k. Kitchen Storage

The kitchen storage space was not within an acceptable reach range, violating 2010 ADAS Section 804.5. This inaccessibility prevented Mr. Wagner from independently accessing essential storage areas in the guest room.

l. Kitchen Counter and Stove

The kitchen work surface (counter and stove) was not a minimum of 30 inches wide, violating 2010 ADAS Section 804.3. This inadequate space limited Mr. Wagner's ability to use the kitchen work surface effectively.

m. Window Shade Controls

The window shade controls required tight grasping, pinching, or twisting of the wrist, violating 2010 ADAS Section 309.4. This design made it difficult for Mr. Wagner to operate the window shades independently.

n. Latch Side Clearance

The maneuvering clearance at the bathroom door was obstructed, violating 2010 ADAS Section 404.2.4.1. This obstruction restricted Mr. Wagner's ability to safely enter and exit the bathroom.

o. Fixed, Folding Type Shower Seat

The shower seat was not located on the correct wall, violating 2010 ADAS Section 610.3. This improper placement made it challenging for Mr. Wagner to use the shower seat effectively and safely.

p. Grab Bar Location

A grab bar was located directly above the shower seat, violating 2010 ADAS Section 608.3.2. This placement interfered with Mr. Wagner's ability to use the shower seat safely and comfortably.

q. Shower Controls Location

The shower controls were not located on the back wall adjacent to the seat, violating 2010 ADAS Section 608.5.2. This improper placement made it difficult for Mr. Wagner to operate the shower controls while seated, causing him to strain unnecessarily.

r. Shower Sprayer Location

The hand-held shower spray unit was not located on the back wall adjacent to the seat, violating 2010 ADAS Section 608.5.2. This placement limited Mr. Wagner's ability to use the shower sprayer effectively while seated.

s. Roll-in Shower Floor Clearance

The clearance in front of the roll-in shower was not compliant, violating 2010 ADAS Section 608.2.2.1. This insufficient clearance restricted Mr. Wagner's ability to maneuver his wheelchair and access the shower safely.

t. Roll-in Shower Threshold

The threshold at the roll-in shower was not beveled correctly, violating 2010 ADAS Section 608.7. This unlevel surface made it difficult for Mr. Wagner to safely enter and exit the shower using his wheelchair.

u. Finding 22 - Flush Handle

The flush control was located on the closed side of the toilet, violating 2010 ADAS Section 604.6. This placement made it challenging for Mr. Wagner to operate the flush handle independently.

v. Side Grab Bar

The side grab bar was not long enough, violating 2010 ADAS Section 604.5.1. This inadequate length limited Mr. Wagner's ability to safely transfer from his wheelchair to the toilet.

w. Rear Grab Bar

The rear grab bar was not a minimum of 36 inches in length, violating 2010 ADAS Section 604.5.2. This improper installation restricted Mr. Wagner's ability to safely transfer from his wheelchair to the toilet.

x. Clearance at The Water Closet

The width of the toilet room was too narrow, and the surface had a side slope greater than 2%, violating 2010 ADAS Section 604.3.1. These issues made it difficult for Mr. Wagner to maneuver his wheelchair and access the toilet safely.

y. Upon information and relief, the other mobility accessible guest rooms are inaccessible to the mobility-disabled in violation of 2010 ADAS Section 224.2.

z. Upon information and belief, the accessible guestrooms are not dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section 224.5.

aa. Upon information and belief, the vanity counter top spaces provided is not comparable to non-accessible rooms in violation of 2010 ADAS Section 806.2.4.1.

bb. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical

disabilities.

17. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, either then, now or in the future.

18. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

19. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Wagner was denied his civil rights to full and equal access to public facilities. Mr. Wagner suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

20. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*

21. Mr. Wagner, as described herein below, seeks injunctive relief to require the The Hotel SYNC to be made accessible to meet the requirements of both Kentucky law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates

and/or leases The Hotel SYNC as a public facility. Plaintiff seeks damages for violation of his

civil rights, from the date of his visit until such date as Defendant brings the establishment into

full compliance with the requirements of Kentucky and federal law.

22. On information and belief, Defendant has been negligent in its affirmative duty

to identify the architectural barriers complained of herein and negligent in the removal of some

or all of said barriers.

23. Because of Defendant's violations, Mr. Wagner and other persons with physical

disabilities are unable to use public facilities such as those owned and operated by Defendant on

a "full and equal" basis unless such facility is in compliance with the provisions of the

Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an

order from this court compelling Defendant to make The Hotel SYNC accessible to persons with

disabilities.

24. Plaintiff is informed and believes and therefore alleges that Defendant caused the

subject property to be constructed, altered and/or maintained in such a manner that persons with

physical disabilities were denied full and equal access to, within and throughout said facility of

The Hotel SYNC and were denied full and equal use of said public facility. Further, on

information and belief, Defendant has continued to maintain and operate said facility in such

conditions up to the present time, despite actual and constructive notice to such Defendant that

the configuration of the establishment and/or its building(s) are in violation of the civil rights of

persons with physical disabilities, such as plaintiff and the disability community. Such

construction, modification, ownership, operation, maintenance and practices of such public

facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III"

AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Kentucky.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

25. On information and belief, the subject public facility of The Hotel SYNC denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

26. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting The Hotel SYNC was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

27.    Plaintiff will return to the subject The Hotel SYNC to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

28.    Should The Hotel SYNC become accessible, Mr. Wagner will visit it again because he frequently travels to Bowling Green, KY, to attend various racing events at the National Corvette Museum Motorsports Park, located at 505 Kimberlee A. Fast Drive in Bowling Green, KY, annually during the Spring, Summer, and Fall seasons.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

29.     Furthermore, plaintiff intends to return to The Hotel SYNC on an annual basis beginning in 2026, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

30.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 29 of this complaint.

31.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

32. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and

to regulate commerce, in order to address the major areas of
discrimination faced day to day by people with disabilities.

33.       As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for

purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;
>
> 42  U.S.C. §12181(7)(A).

34. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

35. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be
> necessary for the provision of the goods, services, facilities,
> privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications
> would fundamentally alter the nature of such goods, services,
> facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

36.   The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, making available damage remedies.

37. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject The Hotel SYNC pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

38. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute

defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

39. Construction of The Hotel SYNC was completed after January 26, 1992.

40. Construction of The Hotel SYNC was completed during the year 2012.

41. On information and belief, additional construction, work on, and modifications of, the subject The Hotel SYNC occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

42. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

43. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about March 20, 2025, through March 23, 2025, but alleges that Defendant has continued to violate the law and deny the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

44. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

45. Plaintiff seeks damages pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*, which provide, within the statutory scheme, that a violation of the ADA and/or Kentucky's accessibility standards is a violation of Kentucky law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT, KRS 344, ET SEQ.

46. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 45 of this complaint.

47. At all times relevant to this action, The Hotel SYNC and the business therein, are "places of public accommodation" pursuant to KRS 344.130.

48. Defendant committed an unlawful act pursuant to KRS 344.120 by denying Plaintiff his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability.

49. Plaintiff has desired and attempted to enjoy the goods and services at The Hotel SYNC as a customer. He has been prevented from doing so do to the existing architectural barriers at the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in KRS 344.450.

50. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, personal injury, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

51. Pursuant to Kentucky law, plaintiff is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## III.    THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT

52. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 51 of this complaint.

53. By engaging in the course of conduct alleged herein, Defendant engaged in unfair, false, misleading, and/or deceptive acts or practices in the conduct of trade and/or commerce.

54. Mr. Wagner is within the class of people the Kentucky legislature intended to protect with the Kentucky Consumer Protection Act.

55. Defendant made false, unfair, deceptive, or misleading statements and acts to Mr. Wagner, including, but not limited to, advertising on its website that it offers guests accessible guestrooms.

56. Said false, unfair, deceptive and misleading advertising induced Mr. Wagner, a person with a disability who uses a wheelchair, to stay at The Hotel SYNC.

57. As a result of the above acts and practices, Defendant has violated the Kentucky

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 18

Consumer Protection Act, KRS 367.170, *et seq.*

58. As a result of the foregoing deceptive acts and practices, Defendant has caused damages to be incurred by Mr. Wagner.

59. Mr. Wagner is entitled to consequential and punitive damages, pre-judgment interest and attorney fees under the Kentucky Consumer Protection Act, KRS 367.170, *et seq*.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Richard Wagner prays that this court grant relief and damages as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make The Hotel SYNC, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT KRS 344, *ET SEQ.***

4. For injunctive relief, compelling Defendant to make The Hotel SYNC, readily accessible to and usable by individuals with disabilities, per state law.

5. General and compensatory damages according to proof;

6.      All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7.      Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

8.      Punitive damages, pursuant to Kentucky law;

9.      For all costs of suit;

10.     Prejudgment interest pursuant to Kentucky law; and

11.     Such other and further relief as the court may deem just and proper.

## III.   PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT

12.     For injunctive relief, compelling Defendant to remove all false, unfair, deceptive and misleading advertising from its website and other advertisements for The Hotel SYNC.

13.     General and compensatory damages according to proof;

14.     All damages for each day, from the inception of the filing of this complaint, on which Defendant continues to permit false, unfair, deceptive, and misleading advertising on its website.

15.     Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

16.     Punitive damages, pursuant to Kentucky law;

17.     For all costs of suit;

18.     Prejudgment interest pursuant to Kentucky law; and

19.     Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, OH 44319
Office: (330) 253-3337
Fax: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Richard Wagner